UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------

GREGORY WASHINGTON,

                Plaintiff,

v.

NEW YORK STATE DIVISION OF PAROLE,
RIKERS ISLAND, RIKERS ISLAND C-76, and
RIKERS ISLAND JUDICIAL CENTER,

                Defendants.

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
19-CV-1617 (MKB)

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

    Plaintiff Gregory Washington, proceeding *pro se* and currently incarcerated at Rikers Island, commenced the above-captioned action on March 15, 2019, against Defendants the New York State Division of Parole and Rikers Island, Rikers Island C-76, and Rikers Island Judicial Center (the "Rikers Island Defendants"). (Compl., Docket Entry No. 1.) Plaintiff alleges that he was incarcerated for "over [twenty] days illegally." (*Id.* at 5.)[1] The Court grants Plaintiff's application to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) for the purpose of this Memorandum and Order. For the reasons set forth below, the Court dismisses the Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order.

**I. Background**

    In October of 2017, Plaintiff was on parole. (*Id.*) On October 4, 2017, Plaintiff had seventeen days "left on [his] parole" but "stopped reporting." (*Id.*)

---

[1] Because the Complaint is not consecutively paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") System.

On December 2, 2017, Plaintiff was arrested for petty larceny and was subsequently sentenced to time served for that offense. (*Id.*)

On December 4, 2017, Plaintiff was "served with a parole violation." (*Id.*) Plaintiff's "final hearing" was set for December 14, 2017, and then rescheduled for December 29, 2017. (*Id.*) Plaintiff's "new maximum expiration date [was] Dec[ember] 21, 2017." (*Id.*) On December 29, 2017, all charges against Plaintiff were dismissed. (*Id.*) However, Plaintiff was not released from custody until January 10, 2018. (*Id.*)

Plaintiff alleges that Defendants "disregarded" the fact that he only had seventeen days "left on parole" and that he was "held over [twenty] days illegally." (*Id.*) Plaintiff seeks money damages "for each and every day" that he was "held over [the] maximum expiration date." (*Id.* at 6.)

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that after *Twombly*,

the court "remain[s] obligated to construe a *pro se* complaint liberally"). Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007).

### b. Plaintiff has not named a proper defendant under section 1983

Under section 1983, individuals may bring a private cause of action against persons "acting under color of state law" to recover money damages for deprivations of their federal or constitutional rights. *Matusick v. Erie Cty. Water Auth.*, 757 F.3d 31, 55 (2d Cir. 2014) (quoting 42 U.S.C. § 1983). To establish a viable section 1983 claim, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that "the alleged deprivation was committed by a person acting under color of state law." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 87–88 (2d Cir. 2015) (citations and internal quotation marks omitted). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under[-]color-of-state-law element of [section] 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)). Thus, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

### i. The Eleventh Amendment bars Plaintiff's claims against the New York State Division of Parole

"As a general matter, states enjoy sovereign immunity from suit in federal court, even if the claim arises under federal law." *KM Enters., Inc. v. McDonald*, 518 F. App'x 12, 13 (2d Cir. 2013) (first citing U.S. Const. amend. XI; and then citing *Alden v. Maine*, 527 U.S. 706, 727–28 (1999)). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Mary Jo C. v. N.Y. State and Local Ret. Sys.*, 707 F.3d 144, 152 (2d Cir. 2013) (internal quotation marks omitted) (quoting *Woods v. Rondout Valley Cent. Sch. Dist. Bd. of Educ.*, 466 F.3d 232, 236 (2d Cir. 2006)); *see also McCloud v. Jackson*, 4 F. App'x 7, 10 (2d Cir. 2001) (stating that the Eleventh Amendment bars claims against the New York Division of Parole (citing *Jones v. N.Y. State Div. of Military & Naval Affairs*, 166 F.3d 45, 49 (2d Cir. 1999))).

States may only be sued in federal court when they have waived their sovereign immunity, Congress has acted to abrogate state sovereign immunity pursuant to section 5 of the Fourteenth Amendment, or the plaintiff is suing a state official in his or her official capacity for prospective injunctive relief from an ongoing constitutional violation. *See* U.S. Const. amend. XI; *Va. Office for Prot. & Advocacy v. Stewart*, 564 U.S. 247, 255 (2011); *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 66 (1989); *Mary Jo C.*, 707 F.3d at 152; *Woods*, 466 F.3d at 236. In the section 1983 context, "Congress did not intend . . . to abrogate immunities well-grounded in history and reason." *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1147 (2d Cir. 1995) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 266 (1993)); *see also McCloud*, 4 F. App'x at 10 (dismissing the plaintiff's claims against the New York State Division of Parole "because the Eleventh Amendment bars suits against states and state agencies" (citing *Jones*, 166 F.3d at 49)); *Ennis v. N.Y. State Dep't of Parole*, No. 18-CV-00501, 2018 WL 3869151, at *4 (N.D.N.Y. June

12, 2018) ("[T]he Division of Parole . . . is a New York State agency that has immunity under the Eleventh Amendment.").

Accordingly, the Court dismisses Plaintiff's claims against the New York State Division of Parole.

### ii. The Rikers Island Defendants cannot be sued under section 1983

Rikers Island, including its jails and judicial center, is not a "person" within the meaning of section 1983, and therefore cannot be sued under the statute. *See Dorcil v. Rikers Island Otis Bantum Corr. Ctr.*, No. 17-CV-5546, 2019 WL 1585323, at *2 (E.D.N.Y. Apr. 4, 2019) ("Rikers Island . . . [is a] non-suable entit[y] under § 1983" because it is not "[a] person[] within the meaning of § 1983."); *see also Matusick*, 757 F.3d 31, 55 (2d Cir. 2014) (explaining that only "persons" may be sued under section 1983).

In addition, Rikers Island and its jails and judicial centers "cannot be sued" because they are "part of the New York City Department of Correction," which is not a suable entity. *Dorcil*, 2019 WL 1585323, at *2; *see also Bromfield v. New York*, No. 15-CV-3689, 2016 WL 3023272, at *3 (E.D.N.Y. May 23, 2016) (same); *Freeman v. Rikers Island C-95*, No. 14-CV-0349, 2014 WL 1315384, at *2 (E.D.N.Y. Mar. 31, 2014) (dismissing claim against division of Rikers Island because it "is a non-suable entity"); *see also Johnson v. Dobry*, 660 F. App'x 69, 72 (2d Cir. 2016) (dismissing claims against the Department of Correction because "as a city agency," it "is not a suable entity" (citing N.Y.C. Charter ch. 17, § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of an agency, except where otherwise provided by law."))).

Accordingly, the Court dismisses Plaintiff's claims against the Rikers Island Defendants.

### c. Leave to amend

In light of Plaintiff's *pro se* status, the Court grants Plaintiff leave to file an amended complaint within thirty (30) days of this Memorandum and Order. Plaintiff's amended complaint must identify the individual defendant(s) who violated his constitutional rights. Plaintiff must include any and all allegations that he wishes to pursue in his amended complaint, as it will completely replace the original Complaint. The amended complaint should be captioned "Amended Complaint" and bear the same docket number as this Memorandum and Order.

## III. Conclusion

For the reasons set forth above, the Court dismisses Plaintiff's Complaint and grants Plaintiff leave to file an amended complaint within thirty (30) days of the date of this Memorandum and Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore denies *in forma pauperis* status for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

Dated: May 22, 2019
       Brooklyn, New York

SO ORDERED:

       s/ MKB
MARGO K. BRODIE
United States District Judge